ALDWIN H. SEEFELDT, Corporation Counsel, Washington County *Page 290 
You have requested my opinion as to the scope of jurisdiction of a county subdivision ordinance adopted pursuant to sec.236.45, Stats. Your question may be stated as follows:
"When both a county and a town within that county have adopted subdivision regulations pursuant to sec. 236.45, Wis. Stats., which regulation controls where the two overlap and conflict"?
Chapter 236, Stats., governing the subdividing and platting of land, was extensively revised by the legislature in 1955. Our Supreme Court has pointed out that, at that time:
"Sec. 236.45 was revised so as to permit those localities which are feeling strong pressure of rapid urban growth and development, to legislate more intensively in the field of subdivision control than the legislature has provided for the state at large."
Jordan v. Village of Menominee Falls (1965), 28 Wis.2d 608, 613,137 N.W.2d 442, appeal dismissed 385 U.S. 4, 87 S.Ct. 36,17 L.ed. 2d 3. Section 236.45, Stats., as amended by ch. 286, Laws of 1969, delegates power to local governmental units to enact such regulations. Section 236.45 (2) (a), Stats., provides, in part, that:
"(2) DELEGATION OF POWER. (a) To accomplish the purposes listed in sub. (1), any municipality, town or county which has established a planning agency may adopt ordinances governing the subdivision or other division of land which are more restrictive than the provisions of this chapter. . . ."
When both a county and a town within that county have adopted ordinances pursuant to sec. 236.45, Stats., plats of a subdivision within their joint jurisdictions must be approved by both of the governing units. Thus, sec. 236.10, Stats., provides that:
"Approvals necessary. (1) To entitle a final plat of a subdivision to be recorded, it shall have the approval of the following in accordance with the provisions of s. 236.12:
"* * * *Page 291 
"(b) If within the extraterritorial plat approval jurisdiction of a municipality:
"1. The town board; and
"* * *
"3. The county planning agency if such agency employs on a full-time basis a professional engineer, a planner or other person charged with the duty of administering zoning or other planning legislation.
"(c) If outside the extraterritorial plat approval jurisdiction of a municipality, the town board and the county planning agency, if there is one."
To facilitate such multiple approval, sec. 236.10 (4), Stats., as amended by ch. 596, Laws of 1959, provides that:
"Any municipality, town, county or regional planning commission may pursuant to s. 66.30 agree with any other municipality, town, county or regional planning commission for the co-operative exercise of the authority to approve or review plats."
However, sec. 126.10 (4), Stats., is not mandatory and does not extend the powers of these governmental units. It is only a recognition by the legislature that, in cases of overlapping interest, the most logical procedure for the governmental units to follow would be to prepare jointly a plan for the development of the area. 1955 Report of the Legislative Council, Volume IV, Subdivision and Platting of Land, page 22. Such cooperation could have the effect of facilitating the accomplishment of the purposes of subdivision regulations as listed in sec. 236.45 (1), Stats.
Nevertheless, conflicts between overlapping ordinances will continue to exist. On the 1955 revision of ch. 236, Stats., the legislature recognized this and enacted sec. 236.13 (4), Stats., in an effort to avoid the inconsistencies and delays such conflicts create. Section 236.13 (4), Stats., provides that: *Page 292 
"Where more than one governing body or other agency has authority to approve or to object to a plat and the requirements of such bodies or agencies are conflicting, the plat shall comply with the most restrictive requirements."
Section 236.13 (4), Stats., puts a subdivider, faced with conflicting regulations, on notice that he must comply with the most stringent regulation, and, furthermore, avoids conflict between enactments of interested governmental units.
In light of the foregoing discussion, it is my opinion that the statutes provide a clear answer to your question. That is, where both a county and a town within that county have adopted subdivision regulations pursuant to sec. 236.45, Stats., both governmental units are required by sec. 236.10 (1) (c), Stats., to approve the final plat of a subdivision located within such town before it can be recorded; and where those subdivision regulations conflict, the plat must comply with the most restrictive regulation, pursuant to sec. 236.13 (4), Stats.
RWW:JCM